IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIMOFEY V and ANO DIALOG,**<br>Petitioners,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br>Respondent. | CIVIL ACTION<br><br><br><br>NO. 24-6862 |

**O R D E R**

**AND NOW**, this 4th day of June, 2025, upon consideration of Petitioners Timofey V and ANO Dialog's Motion for Return of Seized Property (ECF No. 1), and all responses and replies thereto (ECF Nos. 6 and 7), **IT IS HEREBY ORDERED** that said Motion is **DENIED**.[1]

---

[1] An individual whose property has been seized by the government may file a motion pursuant to Federal Rule of Criminal Procedure 41(g) requesting the return of said property. That Rule provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). When no criminal proceedings are pending, as is the case here, any action relating to a Rule 41(g) motion is "treated as a civil proceeding for equitable relief," and district courts have jurisdiction pursuant to 28 U.S.C. § 1331. *Peloro v. United States*, 488 F.3d 163, 172 (3d Cir. 2007) (citations omitted).

"Generally, a Rule 41(g) motion will be denied if the [petitioner] 'is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues.'" *United States v. Approximately $16,500.00 in U.S. Currency*, 113 F. Supp.3d 776, 780 (M.D. Pa. 2015) (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). Although Rule 41(g) provides that "the court shall receive evidence on any issue of fact necessary to the decision of the motion," an evidentiary hearing is "required only if needed to determine a 'disputed issue of fact necessary to the resolution of the motion.'" *Peloro*, 488 F.3d at 177 (quoting *United States v. Albinson*, 356 F.3d 278, 281-82 (3d Cir. 2004)). And, "[w]hen it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property, the district court need not hold an evidentiary hearing." *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000).

Here, Petitioners Timofey V and ANO Dialog request the return of the domain name, "waronfakes.com", which was seized by the Government on August 30, 2024 pursuant to a warrant issued by a Magistrate Judge in this judicial district. Although the domain name is registered in the United States through Verisign Global Registry Services, a company located in Virginia, the website is operated and managed by a "nonprofit in Russia": ANO Dialog. That company, Petitioners explain, employs "journalists and analysts," such as Timofey V, who "work on the content that appears on the waronfakes.com platform." The original "mission" of the website was to "debunk . . . the most widespread misinformation that appeared in Ukrainian or global media/social networks and then moved to the Russian-language segment of the [i]nternet." But it also reported on issues unfolding in the United States, such as the 2024 Presidential Election.

BY THE COURT:


  /s/ WENDY BEETLESTONE

WENDY BEETLESTONE, J.

---

In 2021, President Biden issued Executive Order 14024 (the "Executive Order"), which declared a "national emergency to deal with the threat" posed by "harmful foreign activities of the Government of the Russian Federation." E.O. 14024, 86 Fed. Reg. 20,249 (Apr. 15, 2021). The Executive Order, in relevant part, authorized the Secretary of the Treasury to formally designate persons determined "to operate or have operated in . . . any . . . sector of the Russian Federation economy" in order to block those persons' "property and interests in property" in the United States—property that, pursuant to the Executive Order, "may not be transferred, paid, exported, withdrawn, or otherwise dealt in." *Id.* The Executive Order delegated implementation authority for designations of affected individuals and entities to the Treasury Department's Office of Foreign Assets Control ("OFAC"). *See id.* at 20,251; 31 C.F.R. §§ 587.802, 587.201(a). In so doing, OFAC is empowered to add designees to the Specially Designated Nationals and Blocked Persons List (the "SDN List"), which, in essence, "block[s]" and "effectively fr[eezes]" all their "assets in the United States," including those "under the control of any person who is in the United States." *Diegelmann v. Yellen*, 2024 WL 4880468, at *2 (D.D.C. Nov. 25, 2024) (quoting *Zevallos v. Obama*, 793 F.3d 106, 110 (D.C. Cir. 2015) (cleaned up)).

In September 2022, OFAC added ANO Dialog and one of its directors to the SDN List pursuant to the Executive Order for having allegedly "coordinated with Russian government officials regarding the creation of bot accounts on popular social media messaging platforms for use in a misinformation campaign regarding voting locations in the U.S. 2024 election." *See* Press Release, Office of Foreign Assets Control, U.S. Dep't of Treasury, *Treasury Takes Action as Part of a U.S. Government Response to Russia's Foreign Malign Influence Operations* (Sept. 4, 2022), available at https://home.treasury.gov/news/press-releases/jy2559. That misinformation campaign, explained OFAC, included posts on "waronfakes.com"—a website that Petitioners concede was indeed operated and controlled by ANO Dialog, and employed Timofey V.

So, under the Executive Order and subsequent SDN List designation, Petitioners' control of "waronfakes.com" is "blocked" and "effectively frozen," *Diegelmann*, 2024 WL 4880468, at *8, meaning that they are legally prohibited from gaining control over, or using, it absent a license from OFAC—which they have not, to date, obtained. *See, e.g.*, *United States v. $6,999,925.00 of Funds Associated with Velmur Mgmt. Pte. Ltd.*, 368 F. Supp.3d 10, 15 (D.D.C. 2019) ("Department of Treasury regulations bar the provision of funds, goods, or services by, to, or for the benefit of any person' designated as an SDN, unless OFAC licenses the transactions." (citing 31 C.F.R. § 544.201(b)). And without the ability to lawfully control or use the domain name, it therefore follows that Petitioners cannot presently establish their lawful entitlement to it pursuant to Rule 41(g). *See Chambers*, 192 F.3d at 377. Therefore, Petitioners' Motion shall be denied without an evidentiary hearing. *See Felici*, 208 F.3d at 670.